## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re : Case No. 15-11949-mdc

    Gary Plummer Clifford : Chapter 13

:

:

FILED
APR - 6 2015
TIMOTHY McGRATH, CLERK
DEP. CLERK
BY

### DEBTOR'S CHAPTER 13 PLAN

1. A Portion of the future earnings of Debtor shall be submitted to the Supervision and Control of the Chapter 13 Trustee and the Debtor will pay to the Trustee as follows:

    a. 500.00 each month from May, 2015 until April, 2020 (60 months)

2. Over the life of the plan, the Debtor will pay to the trustee the amount of $30,000.00. Included in this amount is the appropriate commission required to be paid to the Standing Chapter 13 Trustee consistent with 11 USC 586 (e) (1) (B), as well as interest, pursuant to the federal judicial interest rate set forth in 28 U.S.C. 1961(a).

3. The various claims of the Debtors shall be classified as follows:

    a. Class 1: claims filed and allowed which are entitled to priority under 11 USC 507.

    b. Class 2: The pre petition unpaid amount of the secured claim of any creditor having a valid mortgage interest lien in real estate owned by the Debtor, or which are secured by an unavoidable statutory lien on the Debtor's Real Estate. At the time of this filing no such unpaid liens exist to the knowledge of Debtor.

    c. Class 3: All other filed and allowed claims, including all general unsecured claims. To Debtor's knowledge, there are no such unpaid claims, all such clubs being current.

4. Treatment of claims under the Chapter 13 Plan. The payments received by the Trustee pursuant to the Chapter 13 Plan shall be distributed as follows:

    a. Class 1 claims. Creditors holding claims in this class shall have their claims paid in full over the term of the plan. A portion of the monthly payment by the Debtor shall be distributed to the allowed class 1 claims to permit said claims to be paid in full over the term of the Plan.

    b. Class 2 claims. It is anticipated that there will be no debtors holding allowed Class 2 claims. All debtors in this class will continue to receive payment from the Debtor

      throughout the term of the plan, said creditors' claims currently being paid in a timely fashion by debtor.

   c. <u>Class 3 claims.</u> . It is anticipated that there will be no debtors holding allowed Class 3 claims. All debtors in this class will continue to receive payment from the Debtor throughout the term of the plan, said creditors' claims currently being paid in a timely fashion by debtor.

5. The following secured obligations will be paid outside of the Plan entirely by Debtor to the creditor by continuation of normal monthly payments under existing contracts or agreements:

| Creditor | Obligation | Approximate Amount |
|---|---|---|
| Emigrant Mortgage | Mortgage | $25000.00 |
| Everhome Mortgage | Mortgage | $15,000.00 |
| Sun Trust Bank | Mortgage | $91,000.00 |
| Carolyn Wylie | Mortgage | $50,000.00 |

All holders of allowed claims shall retain liens securing such claims and shall be paid in full. To the extent that the allowed claims are paid during this case or thereafter, such creditors' liens shall be reduced. Pursuant to this Plan and 11 USC 1327, if and after the allowed claim of the secured creditor has been paid in full, the property securing such claim will vest in Debtor free and clear of any claim, interest or lien of such creditor and the creditor shall promptly mark the lien securing such claim as satisfied in the appropriate public records.

To the extent that any claim is partially or fully unsecured, pursuant to 11 USC 506(a), that portion of the claim shall be provided for as a Class 3 unsecured claim under this plan. Creditors holding such claims, if any, shall retain said liens only to the amount of their secured liens.

6. By failing to object to this Plan, or any modification thereof, all creditor holding claims agree not to make any efforts to collect their claims from any cosigners that may exist, so long as this case may exist.

7. Confirmation of the plan shall constitute a finding that the plan represents the Debtor's best efforts, within the meaning of 11 USC 727 (a)(9), under all circumstances to pay all creditors.

8. Confirmation of the plan shall constitute a finding in accordance with 11USC 1322 that there is cause for extending the plan beyond 3 years. Confirmation shall also constitute an approval of such plan. Such extension is essential to the success of the Plan.

9. The Debtor shall have sole right to the use and possession of all property of the estate, including but not limited to the right to sell or lease such property in the ordinary course of business and the

Debtor's affairs, during the pendency of this case. In addition, the stay provided by 11 USC 362 (a) shall remain in effect until the entry of the discharge of this order.

10. Any money obtained or acquired by either the Trustee or the Debtor, or refunded from the Trustee's percentage fees, while this case is pending shall be deemed to be the exempt property of the Debtor if exemptible, and shall be forthwith delivered to the Debtor.

11. If all allowed claims are paid in full before the expiration of the Plan, The Debtor's obligation to pay the Trustee under Paragraph 1 shall terminate.

12. Upon completion of this plan, all debts listed in the Debtor's bankruptcy schedules, except those exempted by 11 USC 1328(a)(1), (a)(2) or (a)(3) will be discharged.

Respecfully Submitted,

Gary Plummer Clifford

Debtor